TRINETTE G. KENT (State Bar No. 222020)
3219 E. Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
CREDIT REPAIR LAWYERS OF AMERICA
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Harun Muhammad*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Harun Muhammad,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Portfolio Recovery Associates, LLC,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**FOR VIOLATIONS OF:**<br><br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, HARUN MUHAMMAD, BY AND

THROUGH COUNSEL, TRINETTE G. KENT, and for him Complaint against the

Defendant, pleads as follows:

1

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), 15 U.S.C. §1692k(d), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(f) ("Rosenthal Act"), and under 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Charter City of Lancaster, Los Angeles County, California.

3. Venue is proper in the Central District of California.

## PARTIES

4. Plaintiff is a natural person residing in Charter City of Lancaster, Los Angeles County, California.

5. The Defendant to this lawsuit is Portfolio Recovery Associates, LLC, a foreign limited liability company that conducts business in the State of California.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debts which are allegedly owed by Plaintiff to Capital One Bank USA NA in the amounts of $702 .00 and $1,694.00 ("the collection items").

7. Defendant is inaccurately reporting the collection items as "dispute resolved; customer disagrees" on Plaintiff's credit disclosures.

8. Plaintiff no longer disputes the collection items.

9. On May 14, 2021, Plaintiff obtained his Trans Union credit report. He noticed that Defendant reported the collection items with the dispute comment.

10. On or about May 17, 2021, Credit Repair Lawyers of America on behalf of Plaintiff, submitted a letter to Defendant informing Defendant that the collection items are inaccurate and asked Defendant to remove the dispute comment from the collection items.

11. On July 21, 2021, Plaintiff obtained his Trans Union credit report which showed that Defendant last reported the collection items reflected by the Trans Union credit disclosure on July 2, 2021, and failed or refused to remove the dispute comment from the collection items.

12. With disputed items appearing on his credit report, Plaintiff's FICO score is reporting inaccurately such that he is not eligible for conventional mortgage financing or refinancing. Mortgage rates are now at historic lows and Plaintiff cannot participate in the market, due to Defendant's failure to remove the dispute comment.

13. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

14. Defendant had more than ample time to instruct Trans Union to remove the inaccurate dispute comment from the collection items.

3

15. Defendant's inaction to remove the dispute comment from the collection items on Plaintiff's credit report was either negligent or willful.

16. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. His credit report continues to be damaged due to the Defendant's failure to properly report the collection items.

### COUNT I - VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692e:

    a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection items with a dispute notation after being informed of the inaccuracy; and

    b. 15 U.S.C. §1692e(8) reporting credit information which is known

      to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute notation from the collection items after being asked to do so by Plaintiff.

22. Plaintiff has suffered harm and damages at the hands of the Defendant has this harm was one that was specifically identified and intended to by protected against on behalf of a consumer, such as the Plaintiff, by Congress.

23. Defendant's failure to remove the inaccurate dispute comment from its collection items on Plaintiff's consumer credit file is annoying, humiliating and embarrassing to the Plaintiff as it creates a false impression regarding Plaintiff's credit.

24. To date, as direct and proximate cause of the Defendant's failure to remove the dispute comment from its collection items, Plaintiff continues to suffer anxiety, embarrassment, humiliation, and stress from Defendant's violations of the FDCPA.

25. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.* ("ROSENTHAL ACT")

26. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

27. Plaintiff is a "person" as defined by Cal Civ. Code § 1788.2(g).

28. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

29. Defendant is a "person" as the term is defined by Cal Civ. Code § 1788.2(g).

30. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

31. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

32. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the Rosenthal Act:

    a. Defendant collected or attempted to collect Defendant's collection fees and/or expenses from the Plaintiff, in violation of Cal. Civ. Code § 1788.14(b).

    b. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq*., in violation of Cal. Civ. Code § 1788.17.

33. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

6

34. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the Rosenthal Act.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for statutory damages, actual damages, costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

1  DATED: August 19, 2021

By: _/s/ Trinette G. Kent_
Trinette G. Kent
Attorneys for Plaintiff,
Harun Muhammad

8

Case 2:21-cv-06690-DOC-AS   Document 2   Filed 08/19/21   Page 9 of 9   Page ID #:10